UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOCELYNE REGIS-DUMEUS and PAUL
EXANTUS, ADMINSITRATORS OF THE
ESTATE OF JONATHAN MICHAEL DUMEUS,
and JOCELYNE REGIS-DUMEUS, Personally,

                                                                                                   <u>DECISION AND ORDER</u>

                                   Plaintiffs,

                                                                                                  19-CV-6352L

                v.

GREAT LAKES KRAUT COMPANY, LLC,
GLKFOODS LLC, and GLK, LLC,

                                   Defendants.
_____

       Plaintiffs, administrators of the estate of Jonathan Michel Dumeus ("Dumeus"), and Dumeus's widow Jocelyne Regis-Dumeus, in her personal capacity, bring this action for wrongful death and personal injury against Great Lakes Kraut Company, LLC, GLK Foods, LLC ("GLK Foods"), and GLK, LLC (collectively "defendants"). Defendants now move (Dkt. #13) to dismiss the Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), and for an award of sanctions and fees pursuant to Fed. R. Civ. Proc. 11 and 28 U.S.C. §1927. For the reasons that follow, that motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

       This matter arises out of Dumeus's death on December 16, 2011 at a sauerkraut production plant owned and operated by GLK Foods in Shortsville, NY. During an operation to move a vacuum hose into an open vat of sauerkraut in a packaging area, Dumeus jumped into the vat. A supervisor told Dumeus to exit the vat, but before he could do so, Dumeus collapsed and fell

unconscious. Coworkers pulled him from the vat and a manager performed CPR, but Dumeus was unable to be resuscitated, and was later pronounced dead. An autopsy identified the cause of death as cardio-respiratory failure secondary to coronary artery disease and hemorrhagic pneumonia.

Plaintiffs thereafter commenced an action in Ontario County Supreme Court against the defendants ("Ontario County action"), asserting causes of action including negligence, premises liability, wrongful death and conscious pain and suffering, breach of warranty, and violation of New York Labor Law. (Dkt. #13-9). The Ontario County action proceeded through the discovery phase.

Defendants ultimately filed motions to dismiss the Ontario County action, on the grounds of failure to prosecute and lack of standing, based on plaintiffs' failure to secure Letters of Administration authorizing them to act on behalf of the Dumeus estate. Those motions were granted by the Ontario County Supreme Court by Decision and Order dated October 30, 2018 and entered November 8, 2018, dismissing the action with prejudice. (Dkt. #13-20). Plaintiffs filed a Notice of Appeal with the New York State Appellate Division, Fourth Department. The Appeal was dismissed for failure to perfect on June 6, 2019, without prejudice to the filing of a motion to vacate. (Dkt. #13-23). Plaintiffs took no subsequent action to vacate the dismissal of the appeal.

In the meantime, plaintiffs commenced the instant action on May 13, 2019. (Dkt. #1). As defendants note, the instant Complaint is virtually identical to the plaintiff's original complaint, except that it more specifically alleges violations of Occupational Safety and Health Administration ("OSHA") regulations. Given the substantial similarity between the two actions, defendants wrote to plaintiffs' counsel on July 24, 2019, requesting that the federal action be discontinued, as it was barred by lack of standing, res judicata and collateral estoppel and was therefore "improper, frivolous and without merit." Defendants warned that if plaintiffs continued

the action, defendants would pursue an award of sanctions. (Dkt. #13-25). Plaintiffs did not respond. The instant motion followed.

## DISCUSSION

### I. Standard on a Motion to Dismiss

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) for failure to state a cause of action, a court should "draw all reasonable inferences in [plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). In evaluating a motion to dismiss, the Court's consideration is generally limited to the pleadings, and to any documents attached or incorporated therein by reference. *See Baird v. Kingsboro Psychiatric Ctr.*, 2013 U.S. Dist. LEXIS 153701 at *6-*7 (E.D.N.Y. 2013).

For reasons that are not entirely clear, defendants have supported their motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) with a Statement of Undisputed Facts pursuant to Fed. R. Civ. Proc. 56 (Dkt. #13-1). While the consideration of matters outside the pleadings is inappropriate on a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), to the extent that the Statement of Undisputed Facts attaches filings and decisions from the prior state adjudication, the Court may appropriately take judicial notice of those documents without converting the instant motion to one for summary judgment. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *Rountree v. US Bank NA*, 2017 U.S. Dist. LEXIS 307 at *3 (S.D.N.Y. 2017); *Johnson v. Pugh*, 2013 U.S. Dist. LEXIS 85699 at *5 (E.D.N.Y. 2013); *Vandever v. Murphy*, 2012 U.S. Dist. LEXIS 126076 at *12 n.2 (D. Conn. 2012).

**II.     Statute of Limitations**

The decedent, Dumeus, died December 16, 2011. This action alleging wrongful death, negligence, violations of New York State Labor and breach of warranty, was commenced May 15, 2019 – seven years and five months later. The relevant statutes of limitations in New York range from two years (e.g., for wrongful death claims) to six years (e.g., for New York State Labor Law claims). Defendants argue that plaintiffs' claims are thus untimely, and must be dismissed.

Plaintiffs, however, contend that their claims are timely under the equitable tolling provisions of N.Y. CPLR §205(a), which provides that where an action:

> is terminated in any other manner than by . . . dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

N.Y. CPLR §205(a).

In diversity cases such as this one, "state statutes of limitations govern the timeliness of state law claims, and state law determines the related questions of what events serve to commence an action and to toll the statutes of limitations." *Diffley v. Allied-Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990) (internal quotation marks and citation omitted). Thus, "if New York's courts would apply [CPLR 205(a)] to [a] case, then [the federal court] also [is] bound to apply it." *Id.* at 424.

CPLR §205(a) permits commencement of a new action within six months after termination of the original action, *only* where the prior action was not dismissed for, inter alia, "neglect to prosecute." N.Y. CPLR §205(a). Here, as defendants point out, the Ontario County action was dismissed with prejudice for failure to prosecute, by Decision and Order entered October 30, 2018. (Dkt. #13-20).

4

Unfortunately for defendants, neither CPLR §205(a) nor the Court's analysis ends there concerning dismissals for failure to prosecute. In 2008, CPLR §205 was amended, to "take effect immediately," to further require that where, as here, "a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation." N.Y. CPLR §205(a). *See Marrero v. Nails*, 114 A.D.3d 101, 111 (N.Y. App. Div. 2d Dep't 2013) (discussing application of the 2008 amendments to CPLR §205). Failure to make the requisite record by setting forth the specific conduct that demonstrates a general pattern of delay, "allows a plaintiff to re-commence the action utilizing CPLR §205(a)'s tolling provision *even if the prior dismissal was based upon neglect to prosecute.*" *21st Mtge. Corp. v. Rodriguez-Cardona*, 15 N.Y. Misc. LEXIS 571 at *3 (N.Y. Sup. Ct. 2015) (emphasis added). *See also Webb v Greater NY Automobile Dealers Assn.*, 123 A.D.3d 1111 (N.Y. App. Div. 2d Dep't 2014).

The Ontario County Court made no such record here. Its Decision and Order stated only that upon review of the parties' submissions, "[d]efendants' Motion to Dismiss the action pursuant to CPLR 3216 for failure to prosecute and comply with a Demand to File a Note of Issue is granted with prejudice." (Dkt. #13-20 at 5). The court made no recitation of facts, and made no findings, that would demonstrate a "general pattern of delay" in proceeding with the litigation. Indeed, the plaintiffs had vigorously opposed the motion to dismiss the Ontario County action, contending that they had not been dilatory in pursuing the action or working to attain Letters of Administration to establish their standing, that discovery had been ongoing throughout the case, and that their time to file a Note of Issue had been tolled by the timely filing of a motion for an extension of time to do so. (Dkt. #13-19).

5

The Ontario County Supreme Court's analysis of these arguments, its factual findings concerning alleged delays, and its ultimate basis for granting the motion to dismiss for matter for failure to prosecute, were not set forth in its decision or otherwise made a part of the record. "Absent such record indicating a general pattern of delay, this court cannot conclude that the prior action was dismissed for 'neglect to prosecute' in light of the 2008 amendment to CPLR 205(a)." *Pecker Iron Works, LLC v. Beys Specialty, Inc.*, 2016 N.Y. Misc. LEXIS 4271 at *10 (N.Y. Sup. Ct. 2016) (citing *Stora v. City of New York*, 24 Misc.3d 906, 910-11 (N.Y. Sup. Ct. 2009) ("any defendant concerned about a plaintiff obtaining the benefit of a section 205(a) extension after a dismissal on any grounds that could be deemed to be a neglect of prosecution would be wise to request at the time of dismissal that the court issue an adjudication on the issue of general delay")). *See also Bank of N.Y. Mellon v. Slavin*, 156 App. Div. 3d 1073, 1074 (N.Y. App. Div. 3d Dep't 2017) (where court dismissed action based on party's failure to appear at a mandatory conference and the dismissal "did not set forth any specific conduct that demonstrated a general pattern of delay," the tolling provisions of CPLR 205(a) apply).

Having determined that the dismissal of the Ontario County action for failure to prosecute does ***not*** bar application of CPLR §205(a), the Court turns to whether this action was filed and served, as that section requires, within six months of the terminated action.

It is well settled that, "where an appeal is taken as of right, the prior action terminates for purposes of CPLR 205(a) when the nondiscretionary appeal is truly 'exhausted,' either by a determination on the merits or by dismissal of the appeal, even if the appeal is dismissed as abandoned" for failure to perfect. *Malay v. City of Syracuse*, 25 N.Y.3d 323, 329 (N.Y. Ct. App. 2015). *See also Bernardez v. New York*, 100 A.D.2d 798, 800 (N.Y. App. Div. 1st Dep't 1984)

(where an action's dismissal is appealed, the action is not considered "terminated" for purposes of CPLR §205 until "the determination of the appeal").

Here, plaintiffs timely appealed the Ontario County Supreme Court's October 22, 2018 decision. That appeal was not exhausted until June 6, 2019, when the Appellate Division, Fourth Department denied plaintiffs' motion for an extension of time to perfect the appeal, and dismissed it without prejudice. (Dkt. #13-23). This action, having been filed on May 13, 2019 (shortly *before* the appeal was exhausted), and defendants having been served on or before July 15, 2019 (Dkt. #13-2 at 5), was therefore filed and served entirely within the applicable six-month time period specified by CPLR §205(a).

Upon review of the record, it appears that plaintiffs' claims were timely asserted in the Ontario County Action, which was filed on December 16, 2013, two years to the day after Dumeus's death. (Dkt. #13-9). Accordingly, by operation of N.Y. CPLR §205(a), the Court concludes that plaintiffs' instant claims are likewise timely.

**III.   Res Judicata and Collateral Estoppel**

Under New York and federal law, res judicata bars a party from litigating a claim "where a judgment on the merits exists from a prior action between the same parties involving the same subject matter." *Matter of Hunter*, 4 N.Y.3d 260, 269 (N.Y. Ct. App. 2005). *See also West Coast 2014-7, LLC v. Mackinnon*, 2020 U.S. Dist. LEXIS 69478 at *12 (W.D.N.Y. 2020). The related doctrine of collateral estoppel prevents a party from re-litigating an issue that has already been raised and decided against it in a prior action. *Id*.

To establish a defense of res judicata, a party must show that: (1) the previous action was an adjudication on the merits; (2) the previous action involved the same parties, or others in privity with them; and (3) the claims in the later action were, or could have been, raised in the prior action.

*See Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001). Similarly, application of collateral estoppel requires the proponent to show that: (1) the issues in both proceedings are identical; (2) the issue in the prior proceeding was actually litigated and decided; (3) the parties had a full and fair opportunity for litigation in the prior proceeding; and (4) the issue that was previously litigated was necessary to support a valid and final judgment on the merits. *See Bouchard Transp. Co. v. Long Island Lighting Co.*, 2020 U.S. App. LEXIS 9090 at *3-*4, *7 n.2 (2d Cir. 2020) (setting forth the elements of collateral estoppel and observing that New York's collateral estoppel standard is "nearly identical" to the federal one).

Here, both the instant action and the Ontario County action involve the same parties and virtually identical claims. The Court's analysis turns, then, on whether the dismissal of the Ontario County action on the grounds of "failure to prosecute" and/or "lack of standing" is appropriately considered to be an adjudication on the merits for purposes of res judicata and collateral estoppel. I do not believe that the prior dismissal was "on the merits."

Under New York law, it is well settled that a dismissal for failure to prosecute is not a dismissal "on the merits," unless the order of dismissal so specifies. *See Hanrahan v. Riverhead Nursing Home*, 592 F.3d 367, 369 (2d Cir. 2010); *United States v. Fritzsch*, 2014 U.S. Dist. LEXIS 111018 at *3 (N.D.N.Y. 2014). The Decision and Order of the Ontario County Supreme Court contained no such specification here. Accordingly, plaintiffs' instant claims are not barred by the dismissal of the Ontario County action on the grounds of failure to prosecute.

As for lack of standing, plaintiffs point out that the dismissal of the Ontario County action was based on plaintiffs' failure to obtain Letters of Administration permitting them to bring the case on behalf of Dumeus's estate. This defect has now been cured with the subsequent issuance of Letters of Administration to plaintiffs, and as such, the prior dismissal "does not preclude a

second action," because "subsequent events cure[d] the jurisdictional deficiency in the first suit." *Den Hollander v. Members of the Bd. of Regents of the Univ. of N.Y.*, 2011 U.S. Dist. LEXIS 126375 at *28 (S.D.N.Y. 2011). *See also CIT Bank, N.A. v. Jach*, 2019 U.S. Dist. LEXIS 51671 at *16 (E.D.N.Y. 2019) ("[t]here is ample case law that a dismissal for lack of standing is not an adjudication 'on the merits' for purposes of *res judicata*); *Landau, P.C. v. LaRossa, Mitchell & Ross*, 11 N.Y.3d 8, 14 (N.Y. Ct. App. 2008)("when the disposition of a case is based upon a lack of standing only, the lower courts have not yet considered the merits of the claim"); *U.S. Bank Nat'l Ass'n v. Dellarmo*, 128 A.D.3d 680 (N.Y. App. Div. 2d Dep't 2015). This is so even where, as here, a judgment that was otherwise on procedural grounds includes the phrase "with prejudice." *N.Y. Mortg. Agency v. Massarelli*, 167 A.D.3d 1296, 1297 (N.Y. App. Div. 3d Dep't 2018).

      Defendants further argue that, even if the dismissal of the Ontario County action was not a dismissal on the merits, the dismissal of plaintiffs' appeal by the New York State Appellate Division, Fourth Department for "failure to perfect" was. Defendants point out that New York courts have held that "the dismissal of an appeal for want of prosecution [is a dismissal] on the merits of all claims which could have been litigated had the appeal been timely argued or submitted." *Bray v. Cox*, 38 N.Y.2d 350, 355 (N.Y. Ct. App. 1976). However, in this case, the issues presented on appeal were specific to whether the Ontario County Supreme Court properly granted the motions to dismiss based on standing and failure to prosecute. As discussed above, dismissal on those grounds was not a decision on the merits of plaintiffs' claims, and I find no basis to conclude that the Appellate Division's subsequent dismissal of the appeal for failure to perfect altered the procedural nature of the issues presented or otherwise comprised a decision on the merits. *See e.g.*, *Pettis Moving Co. v. Roberts*, 784 F.2d 439, 440 n.2 (2d Cir. 1986) (where plaintiff's prior appeal was dismissed by Appellate Division for failure to perfect, such dismissal

"was not on the merits," and "the state court proceeding has no res judicata effect on this [federal] action").

Defendants' motion to dismiss plaintiffs' claims on the basis of res judicata and/or collateral estoppel is therefore denied.

**IV.    Sanctions**

Arguing that the instant action is frivolous, defendants have requested sanctions in the amount of $5,305.20, which represents legal expenses they have incurred since the action was filed in this court.

A motion for sanctions under Fed. R. Civ. Proc. 11 "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." *Gissendaner v. Credit Corp Sols.,* 358 F. Supp. 3d 213, 222 (W.D.N.Y. 2019) (quoting Fed. R. Civ. P. 11(c)(2)). Rule 11 also requires that "the motion must be served on the offending party twenty-one days before it is filed with the court," and "[a]ny motion seeking Rule 11 sanctions that does not comply with these provisions must be denied." *Gissendaner*, 358 F. Supp. 3d 213 at 222.

Here, defendants have not brought their motion separately or filed proof of prior service of such a motion on plaintiffs, and as such, their request for sanctions under Fed. R. Civ. Proc. is denied for failure to comply with the procedural requirements.

Moreover, even assuming *arguendo* that defendants' motion for sanctions was properly made, or that the Court's inherent powers under 28 U.S.C. §1927 might be exercised to sanction "dilatory tactics, unnecessary delays in litigation, and bad faith conduct by attorneys," there is no basis for sanctions here. 28 U.S.C. §1927. The Court finds, as explained above, that plaintiffs' claims are not frivolous or otherwise subject to dismissal on the grounds asserted by defendants,

10

nor does the record demonstrate any use of dilatory tactics, delay or bad faith on the part of counsel. Defendants' request for sanctions is denied.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss the Complaint, and/or for sanctions, (Dkt. #13) is denied in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 26, 2020.